Pfeifer, J.,
dissenting.
{¶ 71} I agree with both paragraphs of the syllabus; they are good statements of law and just, too. But the majority opinion applies the law a bit too loosely for one simple reason: the situation that confronted Larry Reese Jr. was not an emergency; therefore, he ought not to be protected by the Good Samaritan statute.
{¶ 72} The Good Samaritan statute does not apply to this case because, although Reese provided care, he did so when urgent or immediate action was not necessary. Dennis Carter was trapped, to be sure. But he was not in pain, and he was not in danger. He was inconvenienced and he wanted to get out, but the situation did not demand urgent action. It demanded rational action, reasoned to fit the situation. Hesitation or delay ;was not dangerous to Carter, because he was not in pain and no detrimental change in his situation was imminent.
{¶ 73} The majority opinion defines an emergency as “ ‘an unforeseen combination of circumstances or the resulting state that calls for immediate action,’ ” quoting Webster’s Third New International Dictionary 741 (1986). Majority opinion at ¶ 31. “Immediate action” was not needed to help Carter, as it would have been if, for example, he were about to fall off a building or if the truck had been rolling toward him. What Carter needed was a person competent to move a tractor-trailer forward without allowing any movement backward. That did not have to be done immediately or urgently — it needed to be done well. Unfortunately, it was not done well, because Reese didn’t know how to drive a tractor-trailer. Reese should have sought assistance from a competent driver. Instead, he inserted himself into a situation that did not demand immediate action and made the situation much worse. Because the situation did not demand immediate or urgent action, Reese should not be shielded by the Good Samaritan statute, which protects only those who render care when there is an emergency.
{¶ 74} Although I agree with the syllabus, I disagree with today’s judgment. I would reverse the court of appeals’ judgment on the merits. Accordingly, I dissent.
*248 Robert A. Winter Jr. and Stephanie Collins, for appellants.
Markesbery & Richardson Co., L.P.A., Katherine A. Clemons, and Glenn A. Markesbery, for appellee Larry Reese Jr.